Thomas J. Vandeveld, III, State Bar No. 145510
VANDEVELD LAW OFFICES
P.O. Box 1764
Bonita, CA  91908-1764
Telephone:  (619) 232-5299
Facsimile:  (619) 475-6908
Electronic Mail: tomvlawyer@cox.net

Attorney for Plaintiff
LUIS BARRIA

**FILED**
MAY 21 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS BARRIA, | Case No.: |
| Plaintiff, | '08 CV 0897 J WMc |
| vs. | **CIVIL COMPLAINT** |
| NIGAL INCORPORATED, doing business as EXPRESS PAWN; DOMINGA RAMIREZ ZUNIGA, doing business as ZUNIGA ENTERPRISES; DOMINGA RAMIREZ DE ZUNIGA, Trustee of DOMINGA R. DEZUNIGA REVOCABLE TRUST; and Does 1 through 10, Inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff, LUIS BARRIA (hereinafter referred to as "Plaintiff"), files his causes of action against Defendants, NIGAL INCORPORATED, doing business as EXPRESS PAWN, (hereinafter, "EXPRESS PAWN"); DOMINGA RAMIREZ ZUNIGA, doing business as ZUNIGA ENTERPRISES, (hereinafter "ZUNIGA ENT."); DOMINGA RAMIREZ DE ZUNIGA, Trustee of the DOMINGA R DEZUNIGA REVOCABLE TRUST,( hereinafter "ZUNIGA TRUST"); and DOES 1 through 10, Inclusive, and would show unto the Court the following:

### I.
### JURISDICTION AND VENUE

1. This Court has original jurisdiction of this civil action pursuant to 28 USC Section 1331, 28 USC Sections 1343(a)(3) and 1343(a)(4) for claims arising

under the Americans with Disabilities Act of 1990, 42 USC Sections 12101, et seq. and the Court's supplemental jurisdiction, 28 USC Section 1367.

2. Venue in this Court is proper pursuant to 28 USC Sections 1391(b) and (c).

3. Pursuant to 28 USC Section 1367(a), Plaintiff shall assert all causes of action based on state law, as plead in this complaint, under the supplemental jurisdiction of the federal court. All the causes of action based on federal law and those based on state law, as herein stated, arose from a common nuclei of operative facts. That is, Plaintiff was denied equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws and/or was injured due to violations of federal and state access laws. The state actions of Plaintiff are so related to the federal actions that they form part of the same case or controversy. The actions would ordinarily be expected to be tried in one judicial proceeding. Plaintiff also brings this action as a private attorney general under California law to enforce important rights of all similarly situated disabled persons. At all times stated herein, Luis Barria acted as a private attorney general by and through his attorneys to enforce the Code of Federal Regulations and California law to ensure the Express Pawn and appurtenances are accessible not only for himself, but for other persons with disabilities.

## II.

## THE PARTIES

4. Defendant EXPRESS PAWN is, and at all times mentioned herein was, a fictitious entity, business, corporation or franchise organized and existing and/or doing business under the laws of the State of California. Defendants operate a pawnshop known as the "Express Pawn" located at 561 through 565 E. San Ysidro Blvd., San Ysidro, California, (hereinafter "the Subject Property"). The pawnshop open to the public and is a place of public accommodation. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was,

the owners, lessors or lessees of the subject property and/or the owners and/or operators of the subject facilities located at the Subject Property.

5. Plaintiff is informed and believes and thereon alleges that Defendant ZUNIGA ENT. is, and at all times mentioned herein was, a fictitious entity, business, corporation or franchise organized and existing and/or doing business under the laws of the State of California. Defendant operates a parking lot which provides parking for the pawnshop known as the "Express Pawn" located at 561 through 565 E. San Ysidro Blvd., San Ysidro, California, (hereinafter "the Subject Property"). The parking lot is open to the public and is a place of public accommodation. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was, the owners, lessors or lessees of the subject property and/or the owners and/or operators of the subject facilities located at the Subject Property.

6. Plaintiff is informed and believes and thereon alleges that defendant ZUNIGA TRUST is the fee owners of the real property and structures wherein the EXPRESS PAWN and ZUNIGA ENT. operate.

7. Defendants DOES 1 through 10 were at all times relevant herein subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principals and/or representatives of EXPRESS PAWN, ZUNIGA ENT., and/or ZUNIGA TRUST. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities when ascertained. EXPRESS PAWN, ZUNIGA ENT., ZUNIGA TRUST, and DOES 1 through 10 are hereinafter collectively referred to as "Defendants."

8. Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them herein were, at all times relevant to the action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representing partners, subsidiaries, parent companies, joint venturers and/or divisions

of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein of each of the remaining Defendants.

9. Plaintiff is an otherwise qualified individual with a disability as provided in the Americans with Disabilities Act of 1990, 42 USC Section 12102, Part 5.5 of the California Health & Safety Code and the California Unruh Civil Rights Act, Sections 51, et seq. and 52, et seq., the California Disabled Persons Act, Sections 54, et seq. and 55, and other statutory measures which refer to the protection of the rights of "physically disabled persons." Plaintiff visited the public accommodation owned and operated by Defendants for the purpose of availing himself of the goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by Defendants.

10. Plaintiff is informed and believes and thereon alleges that the subject facility has been newly constructed and/or underwent remodeling, repairs, or alterations since 1971, and that Defendants have failed to comply with California access standards which applied at the time of each such new construction and/or alteration.

### III.
### FACTS

11. Plaintiff has a mobility impairment and uses a wheelchair. Moreover, Plaintiff has had a history of or has been classified as having a physical impairment, as required by 42 USC Section 12102(2)(A).

12. On or about April 17, 2008, and at other times, continuing to the present, Plaintiff was and has been denied full and equal access to the facilities owned and/or operated by the Defendants because the property was inaccessible to members of the disabled community who use wheelchairs for mobility. Said denial of full and equal access occurred because of barriers which included, but were not limited to lack of

an accessible path of travel and lack of accessible parking.

13. On the dates of Plaintiff's visits, the path of travel to the public accommodation was not accessible to persons who use wheelchairs because of steps at the entrance to the pawnshop.

14. On or about April 17, 2008, and continuing to the present, Plaintiff was and has been denied full and equal access to the facilities owned and/or operated by the Defendants because the property was inaccessible to members of the disabled community who use wheelchairs for mobility. Said denial of full and equal access occurred because of barriers which included, but were not limited to, inaccessible paths of travel, inaccessible common areas, and inaccessible facilities. Plaintiff was also denied full and equal access because of discriminatory policies and practices regarding accommodating persons with disabilities.

15. As a result of Defendants' discrimination and failure to remove architectural barriers, Plaintiff suffered legally cognizable damages and injuries.

16. The wrongful conduct of Defendants, unless and until enjoined by order of this Court, will cause great and irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of the subject facility in violation of the ADA Accessibility Guidelines and/or California's Title 24 Building Code requirements, and/or other applicable Codes, statutes and/or regulations.

17. Plaintiff alleges that Defendants will continue to operate a public accommodation which is inaccessible to him and to other individuals with disabilities. Pursuant to 42 USC §12188(a), Defendants are required to remove architectural barriers to their existing facilities. Defendants are also required to modify any discriminatory policies, practices and procedures to avoid discriminating against people with disabilities, including Plaintiff.

18. Plaintiff has no adequate remedy at law for the injuries currently being suffered in that money damages will not adequately compensate him for the amount

Civil Complaint
and Jury Demand

of harm suffered as a result of exclusion from participation in the economic and social life of this state.

19. Plaintiff believes that architectural barriers, and discriminatory policies, practices and procedures, precluding him full and equal access of the public accommodation will continue to exist at his future visits, which will result in future discrimination of Plaintiff, in violation of the Americans with Disabilities Act. Plaintiff is currently being subjected to discrimination because Plaintiff cannot return to or make full and equal use of the facilities, goods and/or services offered by Defendants to the general public. Plaintiff seeks damages for each and every day that he was denied access to the subject property or was deterred from attempting to attend the subject place of public accommodation because of continuing barriers to full and equal access.

## IV.

## FIRST CLAIM FOR
## VIOLATION OF AMERICAN WITH DISABILITIES ACT
## 42 USC §12101, et seq.

20. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19, inclusive, as though set forth fully herein.

21. Plaintiff was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC Section 12182(a). Plaintiff was, therefore, subjected to discrimination and is entitled to injunctive relief pursuant to 42 USC Section 12188 as a result of the actions or inaction of Defendants.

22. Among other remedies, Plaintiff seeks an injunctive order requiring compliance with state and federal access laws for all access violations which exist at the property, requiring removal of architectural barriers and modification of policies, practices and procedures, and other relief the Court may deem proper.

Civil Complaint
and Jury Demand

23. Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is being subjected and/or will be subjected.

V.

## SECOND CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE

24. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 23, inclusive, as though set forth fully herein.

25. Based on the facts plead hereinabove and elsewhere in this complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to and enjoyment of the subject facility and of Defendants' goods, services, facilities, privileges, advantages or accommodations within a public accommodation, in violation of California Civil Code Sections 51, et seq., 52, et seq. and 54, et seq.

26. Defendants' actions constitute a violation of Plaintiff's rights under California Civil Code Sections 51, et seq., 52, et seq. and 54, et seq., and therefore he is entitled to injunctive relief remedying all such violations of California access laws and standards. In addition, he is entitled to damages under California Civil Code Section 54.3 for each offense. The amount of damages suffered by Plaintiff is not yet determined. When the amount is ascertained, he will ask the Court for leave to amend this complaint to reflect this amount. Plaintiff is also entitled to attorneys' fees and costs.

27. The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code Sections 51 et seq. and therefore Plaintiff is entitled to injunctive relief remedying all such violations of California access laws and standards. In addition, he is entitled to damages under California Civil Code Section 52 for each offense. The amount of damages suffered by Plaintiff is not yet determined. When the amount is ascertained, he will ask the Court for leave to amend this complaint to reflect this amount. Plaintiff is also entitled to attorneys' fees

and costs.

28. The actions of Defendants in violation of the Unruh Civil Rights Act and California Civil Code Sections 51 et seq. were willful and with conscious, deliberate or reckless disregard for the rights of disabled persons such as Plaintiff and therefore Plaintiff is entitled to punitive and exemplary damages or treble damages pursuant to California Civil Code Sections 52, 54.3 and under common law principles.

29. Plaintiff seeks all of the relief available to him under Civil Code Sections 51, 52, et seq., 54, 54.1, 54.2, 54.3, 55, and any other Civil Code Sections which provide relief for the discrimination suffered by Plaintiff, including damages and attorneys fees.

## VI.

### THIRD CLAIM FOR VIOLATION OF HEALTH AND SAFETY CODE §19955, ET SEQ.

30. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 29, inclusive, as though set forth fully herein.

31. Defendants' facilities are public accommodations within the meaning of Health and Safety Code Sections 19955, et seq., and Plaintiff is informed and believes and thereon alleges that Defendants have newly built or altered the subject property and/or the subject facility since 1971 within the meaning of California Health and Safety Code Section 19959. The aforementioned acts and omissions of Defendants constitute a denial of equal access to the use and enjoyment of the Defendants' facilities by people with disabilities.

32. Defendants' failure to fulfill their duties to provide full and equal access to their facilities by people with disabilities has caused Plaintiff to suffer deprivation of his civil rights, as well as other injuries.

33. As a result of Defendants' violations of Health and Safety Code Sections 19955, et seq., described herein, Plaintiff is entitled to injunctive relief pursuant to

Health and Safety Code Sections 19953, and to reasonable attorney's fees and costs.

## VII.

## FOURTH CLAIM FOR NEGLIGENCE PER SE

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 33, inclusive, as though set forth fully herein.

35. At all times relevant hereto, there was in effect the Americans with Disabilities Act, California Civil Code Sections 51, et seq., California Civil Code Sections 54, et seq., and California Health and Safety Code Sections 19955, et seq., all of which require that public accommodations and facilities provide services to people with disabilities which are equal to, and are not inferior to, the services provided to patrons who are not physically disabled.

36. Defendants owed Plaintiff a mandatory statutory duty to provide him full and equal access to accommodations, advantages, facilities, privileges and services of all business establishments. Plaintiff is a member of the class which these statutes are designed to protect.

37. Defendants' acts or omissions alleged herein are a violation of statutory requirements including, but not limited to, the Americans with Disabilities Act, California Civil Code Sections 51, et seq., California Civil Code Sections 54, et seq., and California Health and Safety Code Sections 19955, et seq., and public policy, and therefore constitute negligence per se.

38. As a proximate result of the action or inaction of Defendants and each of them, Plaintiff suffered the harm these statutes are designed to prevent, to wit, exclusion from and/or unequal access to goods, services and facilities provided by Defendants to the general public, as well as other injuries.

39. Plaintiff seeks special and general damages and statutory damages according to proof, as described more fully hereinabove.

Civil Complaint
and Jury Demand

## VIII.

## **FIFTH CLAIM FOR NEGLIGENCE**

40. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 39, inclusive, as though set forth fully herein.

41. Defendants had a duty to exercise ordinary care, as set forth more specifically above.

42. Defendants failed to exercise ordinary care, as set forth more specifically above.

43. As an actual and proximate result of Defendants' failure to exercise ordinary care, Plaintiff suffered general and special damages, as described more fully hereinabove.

## IX.

## **SIXTH CLAIM FOR DECLARATORY RELIEF**

44. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 43, inclusive, as though set forth fully herein.

45. An actual controversy now exists in that Plaintiff is informed and believes and thereon alleges that Defendants' premises are in violation of the disabled access laws of the State of California including, but not limited to, Civil Code Sections 51, et seq., Sections 52, et seq., Sections 54, et seq., Health and Safety Code Sections 19955, et seq., Government Code Sections 4450, et seq. and 7250, et seq., Title 24 of the California Code of Regulations, and/or Title III of the Americans with Disabilities Act and Accessibility Regulations.

46. A declaratory judgment is necessary and appropriate at this time so that each of the parties may know their respective rights and duties and act accordingly.

## X.

## **SEVENTH CLAIM FOR INJUNCTIVE RELIEF**

47. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 46, inclusive, as though set forth fully herein.

48. Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural barriers at Defendants' public accommodation, and/or to modify their policies, practices and procedures regarding accommodating of people with disabilities. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.

49. Plaintiff seeks injunctive relief to redress his injuries.

## XI.

## **JURY DEMAND**

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants, NIGAL INCORPORATED, doing business as EXPRESS PAWN; DOMINGA RAMIREZ ZUNIGA, doing business as ZUNIGA ENTERPRISES; DOMINGA RAMIREZ DE ZUNIGA, Trustee of DOMINGA R. DEZUNIGA REVOCABLE TRUST;; and DOES 1 through 10, as follows:

1. An order enjoining Defendants from violating disabled access laws of the United States and of the State of California;
2. That the Court declare the respective rights and duties of Plaintiff and Defendants as to the removal of architectural barriers at Defendants' public accommodation and/or as to the modification of discriminatory policies, practices and procedures;
3. An order awarding Plaintiff actual, special and/or statutory damages for violation of his civil rights and for restitution including, but not limited to,

$4,000 in damages for each and every offense in violation of Civil Code section 51, and/or $1,000 for each offense in violation of Civil Code section 54, et seq., pursuant to the applicable Civil Code Sections including, but not limited to, Sections 52 and 54.3 to include damages for each occasion on which Plaintiff was deterred from using the facility;

4. An award of punitive and exemplary damages according to proof;

5. An award of up to three times the amount of actual damages pursuant to the Unruh Civil Rights Act and the Disabled Persons Act; and

6. An order awarding Plaintiff reasonable attorneys' fees and costs;

7. Such other and further relief as the Court deems proper.

DATED: May 19, 2008        VANDEVELD LAW OFFICES

THOMAS J. VANDEVELD, III
Attorney for Plaintiff LUIS BARRIA

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**
MAY 21 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## I. (a) PLAINTIFFS
LUIS BARRIA

**DEFENDANTS**
NIGAL INCORPORATED, doing business as EXPRESS PAWN; (see attachment)

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**'08 CV 0897 J WMc**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 12101 et seq
Brief description of cause:
ADA Claims for Injunctive Relief-Access Barriers at Public Accommodation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 05/19/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 151198  AMOUNT $350  APPLYING IFP _____ 5/22/08  JUDGE _____  MAG. JUDGE _____

ATTACHMENT TO CIVIL COVER SHEET I(a) DEFENDANTS

DOMINGA RAMIREZ ZUNIGA, doing business as ZUNIGA ENTERPRISES; DOMINGA RAMIREZ DE ZUNIGA, Trustee of DOMINGA R. DEZUNIGA REVOCABLE TRUST; and Does 1 through 10, Inclusive,

```
         UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

     #  151198      -  KD

         May 22, 2008
           11:01:13

         Civ Fil Non-Pris
USAO #.: 08CV0897
Judge..: NAPOLEON A JONES, JR
Amount.:                $350.00 CK
Check#.: BC 350


     Total->   $350.00


FROM: CIVIL FILING
      BARRIA V. NIGAL INC.
```